```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 07-60146-CR-ZLOCH
```

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                   **O R D E R**

ROBERT YOUNG,

       Defendant.
_____/

    THIS MATTER is before the Court upon Defendant Robert Young's Motion In Limine To Preclude Government From Introducing 404(b) And Other Evidence (DE 71). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    The instant Motion seeks the exclusion of the following categories of evidence pursuant to Federal Rules of Evidence 403 and 404: 1) Defendant's involvement in the drug trade; 2) money laundering; 3) Defendant's threats of harm and/or murder, and the use of hitmen/enforcers in Defendant's prior drug organization; and 4) Defendant's prior murders.

    Defendant's Motion, in essence, seeks to exclude evidence of uncharged criminal conduct. Evidence of uncharged criminal conduct is admissible if it 1) arises out of the same transaction or series of transactions as the charged offense; 2) is necessary to complete the story; or 3) is inextricably intertwined with the evidence regarding the charged offense. United States v. Jimenez, 224 F.3d 1243, 1249 (11th Cir. 2000). Additionally, other crimes, wrongs, or acts may be admitted under Federal Rule of Evidence 404(b) to

show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. See <u>United States v. Lamons</u>, 532 F.3d 1251 (11th Cir. July, 3, 2008).

For the reasons expressed below, the Court will allow the Government to admit into evidence all of the transcript excerpts of statements made by Defendant Robert Young that were included in the Government's Response (DE 72) to the instant Motion, except that the following statements shall be excluded as their probative value is substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403:

1) "Just a couple of weeks prior to my arrest, October 29, 2001, I had instructed David that I was in the process of traveling to the Caribbean to pick up 730 kilos of cocaine and I'd be leaving in just a few days." (DE 72, p. 9)

2) "Mike has always been an enforcer, muscle . . . followed orders 110% correct. A former bodyguard for South Beach hotels . . . an expertise with weapons, never without them . . . would not hesitate to kill in a second." (DE 72, p. 18)

3) "One is a bonafide man that will murder, without question, on order. We call him Coast-to-Coast Al . . . Al Evolga." (DE 72, p. 18)

4) "Two hundred and thirty-five kilos had been imported to the United States. I gave to a Colombian . . . I met Steve Roadruck explained what happened, that my fingerprints were on those kilos . . . I flew to Colombia and got the information on the person who was arrested and came back. I says, 'Steve, here's the guy that got arrested with these 235 kilos. Here's

his name. We need to know every single piece of information. Our whole drug smuggling organization stands on this right here. If something's wrong, this man's gonna have to be eliminated and we don't care how it's gonna be, what it's gonna take, what it's gonna cost.'  He said, 'I'll do everything I can to assist you.' Which he did. We found out that, how the arrest went down, he he didn't cooperate at any degree . . ."  (DE 72, p. 19)

5) "Mr. Roadruck proceeded to investigate this individual to see how it came down, if he was cooperating with law enforcement, cause if he was, he would have to be killed immediately or the whole organization would be dismantled." (DE 72, p. 19)

Aside from the excluded statements referenced above, the remaining excerpts contained in the Government's Response (DE 72) shall be admitted into evidence in their original form, and no explanatory parenthetical phrases shall be included.  But the Government shall be permitted to extract the meaning of the statements through testimony and other evidence.

The Court finds that the excerpts included in the Government's Response (DE 72), except those noted above, are inextricably intertwined with the charged offenses and are necessary to complete the story.  Further, several of the excerpts arise out of the same transactions charged in the indictment.  For example, Defendant's statements about the Norinco rifle and his plan to plant it on Roderick Mudrie goes to the heart of this case.  Also, some background information regarding Defendant's drug organization and

3

his relationship with David Martinez is necessary for the Government to prove its case.  While the Court finds it would be unfairly prejudicial and not significantly probative for the Government to introduce evidence about the number of kilograms transported and the frequency thereof, the Government shall be allowed to discuss the interconnectedness between the rifle and the drug organization.  Part of the history that is necessary to complete the story is the plan to acquire the rifle to put on the boat called "Le Go II" for transportation of money to Guatemala.

Additionally, the Government shall be permitted to introduce the following excerpt that summarizes the relationship between Defendant and David Martinez: "I couldn't have sold . . . any of my drugs without David because of the connection I had with him and the trust I had with him and the connection he had . . . because I never really sold drugs before."  DE 72, Ex. 2, p. 11.  Whether there existed a close-nit relationship with David Martinez goes to the ultimate question of Defendant's ability to constructively possess the rifle while incarcerated, by controlling Martinez, and it shows that Martinez still follows the Defendant's commands.  Finally, the statement regarding the unwritten rule "[y]ou talk, you die" is highly probative for the purpose of showing Defendant's ability to control David Martinez, and thus control the rifle even while incarcerated.  The Court also finds that Rule 404(b) provides an alternate basis for the admissibility of Defendant's statements because they show proof of motive, opportunity, intent, preparation, and plan.

Regarding Count 3 of the Indictment, the Government shall be

permitted to elicit testimony from witnesses as to Defendant's propensity to threaten or harm persons who cooperated with the Government. However, the Government shall not be permitted to elicit testimony from witnesses regarding Defendant's propensity to murder or his history of murder. Unless a witness has personal knowledge that Defendant planned to kill Mudrie, no testimony shall speculate that Defendant was likely to do so.

The Court has balanced the probative value of the evidence sought to be excluded against its potential for unfair prejudice and, other than those statements listed herein, does not find that the prejudice outweighs its probative value. Further, the Court is not to blame for Defendant's rogue lifestyle or the fact that he engaged in several interrelated criminal activities so intertwined that the Government cannot be expected to neatly separate them and try its case in a vacuum. Nevertheless, the Court recognizes Defendant's right to a fair trial and has carefully pruned out evidence that would impinge on that right.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant Robert Young's Motion In Limine To Preclude Government From Introducing 404(b) And Other Evidence (DE 71) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

1. The Government shall be precluded from admitting into evidence, in their entirety, any of the six transcripts of statements made by Defendant (DE 72, Exs. 1-6);

2. The Government shall be permitted to admit into evidence all excerpts in its Response (DE 72), except those listed in this

Order above;

3. The Government shall be precluded from eliciting from any witness testimony about matters contained in the portions of transcripts that have been excluded from trial;

4. The Government shall be precluded from offering evidence or argument in support of the theory that Defendant planned to kill Roderick Mudrie, unless a witness has personal knowledge of such a plan; and

5. In all other respects, the instant Motion be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this    23rd    day of October, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record